ORIGINAL

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 2 8 2015

DAVID J. MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA    §
                                   §
v.                                  §       No. 4:13CR233
                                 §       Judge Crone
ASHLEY WOODS (3)            §

## PLEA AGREEMENT

The defendant, **Ashley Woods** (**Woods**) the defendant's attorney, David Haynes, and the

United States Attorney for the Eastern District of Texas agree to the following:

    1.   **RIGHTS OF THE DEFENDANT:**   The defendant understands that accused individuals

have the following rights, among others:

        a.     to plead not guilty;

        b.     to have a trial by jury;

        c.     to have guilt proved beyond a reasonable doubt;

        d.     to confront and cross-examine witnesses and to call witnesses in defense;
            and

        e.     to not be compelled to testify against oneself.

    2.   **WAIVER OF RIGHTS AND PLEA OF GUILTY:**   The defendant waives these rights and

agrees to enter a plea of guilty to Count One of the Information, which charges a violation of 18

U.S.C. § 371, Conspiracy to Commit Bank Fraud.   The defendant understands the nature and

elements of the crime to which guilt is admitted and agrees that the factual statement the defendant

has signed is true and will be submitted as evidence.

    3.   **SENTENCE:**   The maximum penalties the Court can impose include:

        a.     imprisonment for a period not to exceed five years;

        b.     a fine not to exceed $250,000.00;

c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment.   If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

d.    a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk **before sentencing**;

e.    forfeiture of property involved or traceable to the criminal offense;

f.    restitution to victims or to the community; and

g.    costs of incarceration and supervision.

3.   **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES:**   The defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or guidelines).   The guidelines are not binding on the Court, but are advisory only.   The defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.   The defendant will not be allowed to withdraw the plea entered pursuant to this agreement if the sentence is higher than expected, so long as it is within the statutory maximum.   The defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

4.   **GUIDELINE STIPULATIONS:**   The parties stipulate to the following factors that affect the appropriate sentencing range in this case:

a.    The base offense level under U.S.S.G. §2B1.1 is six;

b.    The loss is less than $5,000, therefore no increase applies pursuant to U.S.S.G. §2B1.1(b)(1)(A);

c.    The Court will determine whether the offense involved sophisticated means pursuant to U.S.S.G. §2B1.1(b)(10)(C);

d.    The Court will determine whether the offense involved the use of an

authentication feature pursuant to U.S.S.G. §2B1.1(b)(11)(A)(ii);

e.    The Court will determine whether the defendant qualified for a minor role;

f.    A reduction of two levels for acceptance of responsibility under U.S.S.G. §3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office. **If circumstances indicating that the defendant has not accepted responsibility become known after execution of this Agreement, this stipulation is void and the defendant may object to the failure of the Presentence Report to recommend the reduction.**

The parties understand that the Court is not bound by these stipulations. Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment.

The parties also agree that the defendant's offense level may be affected by the criminal history calculation by the United States Probation Office, and it will not be a violation of this agreement for either party to argue for or against the changed offense level resulting from the defendant's criminal history.

5. **RESTITUTION:** The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

6.  **FORFEITURE:**   The defendant agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title and interest to the following property which is subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) & (4):

      a.      Cash proceeds in the amount of at least $3,648.60 and all interest and proceeds traceable thereto.

The defendant agrees that the above described property is subject to forfeiture to the government pursuant to the aforementioned statute.   The defendant agrees to fully assist the government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.   The defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated.   The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above described property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.   The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.   The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions.   Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.   The defendant waives the requirements of Fed. R. Crim. P.

32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

7.  **GOVERNMENT'S AGREEMENT:**   The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty.   After sentencing, the government will dismiss any remaining criminal charges against this defendant.

8.  **VIOLATION OF AGREEMENT:**   The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge.   In such event, the defendant waives any objections based upon delay in prosecution.

9.  **VOLUNTARY PLEA:**   This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

10.  **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:**   Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds.   The defendant further agrees not to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255.   The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or the plea itself.

11.  **REPRESENTATION OF COUNSEL:**   The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's

legal representation.   The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea.   After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

12.   **LIMITATIONS ON THIS AGREEMENT:**   This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority.   Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

13.   **ENTIRETY OF AGREEMENT:**   This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49.   References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.   If you have received this document in discovery and have not received the addendum, request the addendum and it will be provided to you. The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case.   It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties.   No other promises have been made or implied.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

Dated: 4/28/15

_for_ Camelia Lopez
Assistant United States Attorney


I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.

Dated: APRIL 28, 2015

x Ashley Woods
Ashley Woods
Defendant


I am counsel for the defendant.   I have carefully reviewed every part of this plea agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: APRIL 28, 2015

David Haynes
Attorney for Defendant